**Michael MacMANN, et al.,**
**Plaintiffs, Appellants,**

v.

**J.R. TITUS, in His Capacity as Commander of the South Weymouth Naval Air Station, a Facility of the United States Navy, Defendant, Appellee.**

**No. 86–1893.**

United States Court of Appeals,
First Circuit.

Argued Feb. 2, 1987.
Decided May 28, 1987.

Harvey A. Schwartz with whom Schwartz, Shaw & Griffith, Boston, Mass., was on brief, for plaintiffs, appellants.

Nicholas C. Theodorou, Asst. U.S. Atty., with whom Robert S. Mueller, III, U.S. Atty., Boston, Mass., and Brian D. Robertson, Office of the Judge Advocate Gen., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, ALDRICH and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Plaintiffs-appellants are former members of the South Weymouth Navy Aero Club, an organization located, until recently, at the South Weymouth Naval Air Station and made up primarily of active or retired military personnel. According to its first constitution, the club was established "to encourage aviation enthusiasts to advance the knowledge of the members in aeronautical and related subjects, and to bring to more people the social benefits and pleasures of flying." Toward that end, the club acquired title to a number of airplanes and built on the Navy base various facilities such as a clubhouse and hangar.

In June of 1984 defendant-appellee J.R. Titus, commander of the naval station, ordered the club "disestablished." Pursuant to Navy regulations, Titus took possession of the club's assets, including the four aircraft it then owned. Appellants subsequently brought this suit against Titus, in his official capacity, in the United States District Court for the District of Massachusetts, claiming that (1) Titus was holding possession of the aircraft wrongfully, and (2) his seizing of the club's property was in violation of both the due process and just compensation clauses of the Fifth Amendment. The complaint sought an injunction ordering defendant to return to appellants the airplanes and other club assets in his possession, as well as for such other and further relief as the court deemed just.[1]

The district court found neither of plaintiffs' claims to have merit. In granting defendant's motion for summary judgment, the court held that the club was a government instrumentality whose members had no property interest in the items seized by the Navy. Finding by contrast that the Navy had a legitimate entitlement to the property in question, the court concluded that no unlawful deprivation of property without due process had occurred. Judgment was entered on September 24, 1986. Defendant informs us by affidavit that 12 days later, on October 6, the government sold all the aircraft at issue for $30,000. This was a permissible action in the absence of a stay order secured under Fed.R.Civ.P. 62. *See, e.g.,* 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2904, at 314 (1973).

The selling of the aircraft has fundamentally altered the nature of this suit, depriving the district court and this court of jurisdiction. In 28 U.S.C. § 1331 (1982), Congress has provided federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Although broad, this grant by itself does not provide jurisdiction for actions against the United States. As

---

1. Besides the four planes, the other club assets were primarily a hangar, clubhouse, fuel storage tank, and paving and building concrete tie-downs, all located on government-owned land at the Naval Air Station. The district court said these had an estimated value of $122,000. With the possible exception of the tie-downs, these items were not susceptible of physical delivery, and thus plaintiffs could recover only their monetary value. Plaintiffs also sought recovery of various smaller items such as furniture and files.

is well settled by now, "[t]he United States, as sovereign, is immune from suits save as it assents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941) (citations omitted). Congress, through 5 U.S.C. § 702 (Supp.III 1986), has waived sovereign immunity for those claims arising under section 1331 that seek "relief other than money damages."

When initiated, part of this suit was directed towards recovering "relief other than money damages," to wit, an injunction ordering the defendant to return the airplanes.[2] Under section 702 the district court had jurisdiction to hear and decide at least that part of the case. The government's sale of the planes, however, mooted the possibility of any significant relief other than monetary relief, leaving the district court, and, on appeal, ourselves, without jurisdiction.

In *Massachusetts v. Departmental Grant Appeals Board,* 815 F.2d 778 (1st Cir.1987), we discussed what constituted "money damages" under 5 U.S.C. § 702. Rejecting an interpretation of section 702 adopted by the D.C. Circuit, *see Maryland Department of Human Services v. Department of Health & Human Services,* 763 F.2d 1441 (D.C.Cir.1985), we held that " 'money damages' ... mean[s] *any monetary relief,* whether it is in the nature of damages or in the nature of specific relief." 815 F.2d at 783 (emphasis added). We also held that even if a suit seeks other relief, if its "prime objective" is monetary relief,

neither we nor the district court has jurisdiction. *Id.* at 783.

With the planes no longer in the government's possession, the "primary objective" of plaintiffs' action must now be to recover monetary reimbursement for the planes as well as compensation for the fixed assets located on government property.[3] Whether described as damages or some sort of equitable relief, plaintiffs' recovery, if any, must take a monetary form. Consequently, under the authority of *Departmental Grant Appeals Board,* the district court and, as a result, we ourselves, now lack jurisdiction over plaintiffs' claims.[4] Whether the district court ruled correctly on defendant's motion for summary judgment has become, therefore, a moot question.

Accordingly, we must dismiss the case. We remand to the district court with instructions that the court

(1) vacate the order entering summary judgment for defendant, *see United States v. Munsingwear,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L. 36 (1950); *Berkshire Cablevision of Rhode Island, Inc. v. Burke,* 773 F.2d 382, 383 (1st Cir.1985); *Romeo J. Roy, Inc. v. Northern National Bank,* 740 F.2d 111, 112 (1st Cir.1984), and instead enter judgment dismissing plaintiffs' claim as beyond the jurisdiction of the district court; and

(2) if plaintiffs so request, transfer plaintiffs' claim, as it is now for monetary relief, to the Claims Court for whatever action, if any, that court may think to be appropriate and within its jurisdiction.[5] We believe

---

**2.** As indicated in note 1, *supra,* the remaining club property was comprised primarily of buildings and related items affixed to the government's real estate, for which anything but monetary relief was ruled out. Residual items of furniture, etc., were of relatively minor value.

**3.** Plaintiffs suggest that were we to reverse the judgment of the district court, we could direct it to grant non-monetary equitable relief such as issuing an injunction requiring the government to repurchase the planes or to provide substitute planes of similar value. They have cited no authority, however, demonstrating that the district court possesses such novel powers. We are therefore unable to entertain plaintiffs' suggestions.

**4.** Non-monetary equitable relief remains possible for one aspect of plaintiffs' suit, the return of the relatively minor property seized such as furniture and club records. This alone is not sufficient to vest the district court or us with jurisdiction given that the "primary objective" of plaintiffs' suit is now the recovery of monetary relief.

**5.** Although we cannot, of course, decide jurisdictional questions for the Claims Court, it is at least arguable that the court may have jurisdiction over plaintiffs' claim. *See* 28 U.S.C. § 1491 (1982); *Rail Reorganization Act Cases,* 419 U.S. 102, 126–27, 95 S.Ct. 335, 349–50, 42 L.Ed.2d 320 (1974) (" 'if there is a taking, the claim is

such a transfer is in the interest of justice, *see* 28 U.S.C. § 1631 (1982), where the government's disposal of the planes has deprived the district court of jurisdiction.

*Vacated and remanded for proceedings consistent with this opinion.*

"founded upon the Constitution" and within the jurisdiction of the Court of Claims to hear and determine,'" *quoting United States v. Causby,*

328 U.S. 256, 267, 66 S.Ct. 1062, 1068, 90 L.Ed. 1206 (1946)).